IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEWIS,

    Plaintiff,

vs.                                                                                          Civ. No. 24-706 KK/SCY

CHEVRON CORPORATION and PATTERSON-
UTI DRILLING COMPANY LLC,

    Defendants.

## ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte, following Plaintiff's second amended complaint, Doc. 17.

On January 13, the Court ordered Plaintiff to file a second amended complaint because the first amended complaint did not contain allegations sufficient to invoke the Court's subject matter jurisdiction. Doc. 16. The Court noted that the first amended complaint alleged that "Defendant Patterson-UTI Drilling Company LLC is a Texas corporation." Doc. 16 at 2 (citing Doc. 4 ¶¶ 1-3). The Court informed Plaintiff:

> Further, both complaints are deficient in alleging the citizenship of Patterson-UTI Drilling Company LLC. Determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation. An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Plaintiff's amended complaint does not provide any information as to the citizenship of the members even though Defendant Patterson-UTI Drilling Company LLC appears by name to be an LLC.

*Id.* The Court ordered Plaintiff to amend the complaint by January 27, 2025. *Id.* at 4.

The second amended complaint does not address the defect identified in the January 13 Order. It alleges that:

> Defendant, PATTERSON-UTI DRILLING COMPANY LLC (hereinafter "Patterson") is a foreign a limited liability company incorporated in the State of Texas with its principal place of business located at 4510 Lamesa Hwy., Snyder, TX 79549, and does business in Eddy County, New Mexico.

Doc. 17 ¶ 3.

Place of incorporation and principal place of business do not determine the citizenship of unincorporated entities like LLCs. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). The second amended complaint includes no explanation for failing to follow the Court's instructions to allege the citizenship of the LLC members. It fails to allege a basis to invoke the Court's subject-matter jurisdiction based on diversity of citizenship.

Plaintiff is therefore ordered to show cause as to why the Court should not exercise its sua sponte duty to dismiss for lack of subject-matter jurisdiction. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

**IT IS HEREBY ORDERED** that Plaintiff show cause in writing why this case should not be dismissed, no later than February 11, 2025. Failure to respond to this order may result in dismissal without further notice.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE